IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00287-CV

 

EMCC INC., Assignee in Interest 

to REVGRO NATIONS,

                                                                      Appellant

 v.

 

Tony W. Johnson,

                                                                      Appellee

 

 



From the County Court at Law No.
1

McLennan County, Texas

Trial Court No. 2005-0171CV1

 



DISSENTING Opinion










 

          This case presents an important issue
for default judgment practice.  In this case, we have the reverse side of the
coin that was addressed by the Texas Supreme Court in New.  Texas
Commerce Bank v. New, 3 S.W.3d 515 (Tex. 1999).  The problem preventing a
definitive resolution of the issue here is that there is no one to carry this
issue to the next level to get the issue resolved because the defendant did not
appear for trial or in this appeal.  See Sherman Acquisition II LP v. Graham,
No. 10-05-00375-CV, 2006 Tex. App. LEXIS ____ (Tex. App.—Waco Oct. 18, 2006, no
pet. h.) (Gray, C.J., dissenting) (the issue dies at the intermediate appellate
level because there is no interested party to file a petition for review with
the Supreme Court of Texas).

          In New, the plaintiff relied
upon affidavits and pleading allegations as admissions by default to support a
default judgment of liability, damages, and attorney’s fees.  The trial court
accepted the pleading admissions to establish liability and the affidavits to
prove damages and attorney’s fees.  The court of appeals determined, however,
that the affidavits could not be used to prove unliquidated damages or
attorney’s fees for a default judgment because the affidavits contained hearsay. 
New v. Texas Commerce Bank, 971 S.W.2d 711, 714 (Tex. App.—Austin 1998),
rev’d, Texas Commerce Bank v. New, 3 S.W.3d 515, 517 (Tex. 1999).  The Texas Supreme Court reversed the court of appeals and held that the
affidavits were probative and had not been objected to and, therefore, the
trial court did not err in considering those affidavits as proof of damages and
attorney’s fees.  Id.

          We have the opposite issue in this
appeal.  The issue we have is what happens when the trial court rejects the
affidavits as insufficient evidence upon which to base the default judgment as
to damages and attorney’s fees?

          The majority has held that we can conduct
a de novo examination of the evidence, without regard to the trial court’s
determination, and render the judgment we decide is appropriate.  I agree the
trial court erred in rendering a default judgment for nominal damages when he
found the evidence insufficient to render a default judgment.  However, I
believe the proper trial court judgment was a default judgment on liability and
to set the issue of a determination of damages for trial.  Accordingly, I would
reverse and remand for further proceedings consistent with this dissenting
opinion.

Procedural Background

          The trial court and this Court
concluded:

(1) this was not a suit on a sworn account;[1]

 

(2) the plaintiff pled, in the alternative to a
suit on sworn account, a suit for breach of contract; and

 

(3) the defendant defaulted by failing to appear
or answer the suit.

 

We all agree EMCC was entitled to and obtained a
default judgment on liability.  EMCC also claims they are entitled to a default
judgment for the alleged damages and attorney’s fees for their suit on sworn
account or in the alternative for the breach of contract.  

          The majority and I agree that the
trial court erred when it rendered a default judgment for nominal damages. 
What we disagree about is what happens regarding damages in this situation.  The
question is whether, upon default, the plaintiff was entitled to damages for
breach of an agreement as alleged, for the amount alleged, and for attorney’s
fees in the amount alleged.  The amount of damages was alleged in the petition
and were also attempted to be proved up by an affidavit.  The affidavit
referenced an attached statement of the account which was not actually attached
to the affidavit.  EMCC also alleges it is entitled to damages and attorney’s
fees based on a set of requests for admissions that were set out in the body of
the petition.[2]

          The trial court was entitled to reject
the affidavit as inadequate proof of damages because it was internally
inconsistent and lacked the exhibit it stated was attached.  The affidavits and
requests for admissions were also inconsistent with the theory on which
liability was based.  The affidavit and the requests for admissions were
clearly designed to prove up a suit on sworn account, not a suit on a credit
card debt.  As such, the facts as “proved” by the affidavit and the purportedly
deemed admissions are not entirely consistent with a suit on a contract.  

          The majority accepts as conclusive
that which the trial court rejected.  Even if a review of the affidavits to
determine the facts de novo is within our discretion, and I believe it is not,
I would not.  The trial court did not believe that EMCC had proven its damages. 
The proper result was a default judgment on liability and to set the matter for
trial on the merits to determine the amount of damages and attorney’s fees. 
This was not a summary judgment proceeding or a trial on unliquidated damages
at the trial court; nor should we make it one at this Court.

Conclusion

The majority holds that EMCC conclusively proved
its damages, modifies the judgment, and renders a judgment for all the damages
and attorney’s fees sought by EMCC.  For the reasons stated, I do not believe
damages and attorney’s fees have been conclusively proven, and we have no
authority to make findings of fact.  Accordingly, I would reverse and remand
for further proceedings.  Because the majority does not, I respectfully
dissent.

 

                                                          TOM
GRAY

                                                         Chief
Justice

 

Dissenting
opinion delivered and filed October 25, 2006

 









[1]
I have some problems with this
conclusion.  The basis for this conclusion comes from a question by the trial
court and response by EMCC’s attorney during a motion for new trial.  I do not
think the following statement in a motion for rehearing gets us to this
conclusion.  Even if we use existing case authority about the statements of
counsel made during a hearing to get past the issue of whether the lawyer had
to be put under oath before he is testifying as an officer of the court, the
answer clearly indicates that the lawyer is not at all certain about what this
suit is about.  Further, this is a hearing on the motion for new trial, not at
a trial or dispositive hearing, so that you would normally not expect an
attorney to be offering evidence at this stage of the proceeding.  The court’s
question and the attorney’s response was:

 

THE COURT:  Well, what is this suit about,
anyway?  What is this suit about?

MR. BAUMANN:  Credit card.  I believe it’s a
credit card.

 





[2]
I do not opine on the propriety of putting
the actual request for admission into the body of the petition as opposed to a
separate discovery document.  I note only that the propriety of this practice
has not been closely examined and independently decided.